STATE, EX REL. ADDISON E. CODY AND WILLIAM WEST, v. THE BOARD OF COMMISSIONERS OF COLFAX COUNTY.

1. **Powers of County Commissioners:** DRAWING WARRANTS. County commissioners have no authority to draw warrants after fifty per cent of the amount levied for the year is exhausted, unless there is money in the treasury to the credit of the particular fund for the payment of the same. If they do so they are personally liable thereon.

2. ——: ——. C. and W. applied for a mandamus to compel the board of county commissioners of C. county to draw a warrant in their favor on the general fund of said county. It was admitted that fifty per cent of the levy of 1879 was exhausted, and that there were registered warrants outstanding against said fund in said county for at least double the amount of money in the general fund in the treasury. *Held*, that warrants must be paid in the order of their entry upon the record, and that no warrant can be drawn on the treasury in excess of the fifty per cent unless there are funds therein available for the payment of that particular warrant.

ORIGINAL application for mandamus.

*Miles Zentmeyer* and *C. J. Phelps*, for the relator.

*C. J. Dilworth*, for respondent.

MAXWELL, CH. J.

This is an application for a mandamus to compel the defendants to draw a warrant in favor of the relators

on the general fund of Colfax county. The petition alleges that on the second day of December, 1879, said defendants audited and allowed claims in favor of the relators for the sum of $524.30, upon which account there still remains unpaid the sum of $283.30; that the general fund tax of said county levied for the year 1878 was the sum of $14,145.33, and that the amount expended of the same to December 30, 1879, was the sum of $11,396.99, and that the amount of general fund tax levied in said county for the year 1879 was the sum of $8,260.30, of which sum there had been expended on the thirtieth day of December, 1879, $4,128.41; that on the thirtieth day of December, 1879, the relators applied to said defendant and made a demand in writing for a warrant for the sum of $289.30, the amount remaining unpaid upon said account, which said defendants refused to draw. Wherefore, the relators pray for a writ of mandamus to compel said defendants to draw said warrant, etc.

The defendants in their answer admit the facts stated in the petition to be true, but say that at the date aforesaid there were outstanding registered warrants of said county unpaid for at least double the amount of moneys then in the treasury, to which the holders of said warrants were then entitled by virtue of said registration, and that the defendants at the date aforesaid had drawn more than fifty per cent of the levy for the general fund for the year 1879, and that under the revenue law, which took effect September 1, 1879, they have no authority to draw said amount in excess of the fifty per cent of said levy. The facts stated in the answer are admitted to be true.

Section 34 of the act "concerning counties and county officers," approved March 1, 1879, and which took effect Sept. 1, 1879, provides that "it shall not be lawful for any warrant to be issued for any amount

exceeding in the aggregate fifty per cent of the amount levied for tax for the current year, except there be money in the treasury to the credit of the proper fund for the payment of the same. Nor shall the county board issue any certificate of indebtedness in payment of any account or claim in any form whatever, but all accounts against a county which cannot be paid by warrant, as herein provided, shall be filed and recorded, and paid as aforesaid in the order of their entry upon the record, whenever a warrant can be drawn under the provisions of this section." [Laws 1879, p. 365.]

Section 36 provides that " any warrant drawn after fifty per cent of the amount levied for the year is exhausted, and where there are no funds in the treasury for the payment of the same, shall not be chargeable as against the county, but may be collected by civil action from the county board making the same, or any member thereof."

Section 1 of the act for the registration of warrants provides " that all warrants upon the state treasurer, the treasurer of any county, any or municipal corporation therein, shall be paid in the order of their presentation." [Gen. Stat., 891.]

Sections 2 and 3 provide for the registration of warrants.

Section 4 provides that " it shall be the duty of every such treasurer to put aside in a separate and sealed package the money for the payment of each registered warrant in the order of its registration, as soon as money sufficient for the payment of such warrant is received, to the credit of the particular fund upon which the same is drawn. Such package shall be indorsed with the number and description of such warrant, and the name and address of the person in whose name the same is registered; and interest upon

The State v. Nemaha County.

such warrant shall thereupon cease, and such treasurer shall by mail immediately notify the person in whose name the same is registered," etc.

It will be seen that no warrant can be drawn after fifty per cent of the amount levied for the year is exhausted, unless there is money in the treasury to the credit of the proper fund for the payment of the same, and that warrants can only be paid in the order of the entry of the account upon the record. And these provisions apply to all accounts audited by the county commissioners. The authority of the board of county commissioners is derived entirely from the statute, and such board has no authority to draw warrants upon the treasury except in pursuance of express statutory authority. They are absolutely prohibited from drawing warrants in excess of fifty per cent of the levy, and are personally liable upon any warrants drawn in excess of that amount. As fifty per cent of the levy for 1879 is exhausted, and there being no funds in the treasury upon which to draw the warrant sought for, the writ must be denied.